**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**
───────────────────────────────

**UNITED STATES OF AMERICA,**

       **Plaintiff,**

               **v.**       **09-CR-203S(Sr)**

**FELIX LAWSON,**

       **Defendant.**
───────────────────────────────

## <u>DECISION AND ORDER</u>

      This case was referred to the undersigned by the Hon. William M. Skretny, in accordance with 28 U.S.C. § 636(b)(1), for all pretrial matters and to hear and report upon dispositive motions.  Dkt. #59.

## <u>PRELIMINARY STATEMENT</u>

      The defendant, Felix Lawson (hereinafter, "defendant" or "Lawson"), along with nineteen others was charged in a twenty-four count Indictment with having violated Title 21, United States Code, Section 846, Title 21, United States Code, Section 963 and Title 21, United States Code, Section 843(b).  Dkt. #1.  The defendant was charged in three separate counts, Counts 1, 2 and 10.  *Id*.

      Presently pending before this Court is the defendant's omnibus motion for discovery and a motion to suppress electronic eavesdropping evidence.  Dkt. #140.  The government has filed its response to defendant's omnibus motion for discovery and the motion to suppress, as well as a motion for reciprocal discovery.  Dkt. #236.  This

Court's Decision and Order and/or Report, Recommendation and Order with respect to defendant's motion to suppress will be addressed and filed separately.  What follows is this Court's Decision and Order with respect to the defendant's omnibus motion for discovery.

## DISCUSSION AND ANALYSIS

**Rule 16 - Discovery**

As a threshold matter, the defendant states, "[t]he Government has commendably agreed to provide voluntary discovery materials pursuant to Court Order. However, in an abundance of caution, the following specific requests are made to the extent not previously provided."  Dkt. #140, p.4.

### Statements of Defendant, Co-Defendants and Co-Conspirators

The defendant seeks the production of "any oral, written and/or recorded statements of the defendant, co-defendants and unindicted cocoonspirators, whether made in response to interrogation by any known Government agent or individuals acting on their behalf irrespective of whether the Government intends to use such statements at trial."  Dkt. #140, p.4.  In its response, the government states in pertinent part, "[s]ince the Indictment, the United states has complied and intends to continue to comply with the requirements of Rule 16.  To that end, the United States has provided comprehensive voluntary discovery, including but not limited to, defendant's statements

. . . " Dkt. #236, p.13.  Based on the representations made by counsel for the government the defendant's request is denied as moot.

With respect to that portion of the above-quoted request which seeks co-conspirator statements, the government opposes such requests on the grounds that the statements requested are "well beyond the scope of the definition of a defendant's statements in Rule 16(a)(1)(A) through (c) and are not subject to pretrial disclosure under well-settled law."  Dkt. #236, pp.15-16.  The government further asserts,

> testimony of out-of-court co-conspirator statements during the course of and in furtherance of a conspiracy is not hearsay testimony; co-conspirator statements are admissions of a party opponent that are specifically excluded from the definition of hearsay.  The government as a general matter does not expect to use co-conspirators' statements that may be hearsay because those statements were not made during the course of and in furtherance of a conspiracy, in any event.

> \* \* \*

> Certainly, the United States will proffer evidence in support of the admission of out-of-court co-conspirator statements at the time designated by the trial court.  Because defendants offer no legal authority or practical justification for an early proffer or discovery of hearsay statements that may be used during a proffer for a Rule 104(a) ruling that a statement is admissible as a co-conspirator statement pursuant to Rule 801(d)(2)(E), their motions seemingly seeking an order requiring that disclosure should be denied.  In any event, denial of the motions at this time will not prejudice defendants, as we expect there will be timely disclosure of documents and 3500 material that is more than sufficient to support a preliminary finding of a foundation for admission of any co-conspirator statements, according to the schedule to be set by the trial court.

*Id*. at pp.16-17.

Because Rule 801(d)(2)(E) of the Federal Rules of Evidence does not contain a required pretrial notice, there is no requirement on the part of the government to make any such disclosure of this type of evidence at this time.  As a result, defendant's request in this regard is denied.  Any request to exclude such statements at the trial, is a matter left to the discretion of the trial judge.

**Defendant's Prior Record**

By this request, the defendant is seeking a copy of his prior criminal record.  Dkt. #140, p.4.  The Court notes that the defendant makes a separate request pursuant to Rule 404(b) of the Federal Rules of Evidence and that request will be addressed below.  The government states in footnote three of its response, "[t]he government provided a copy of the criminal history for each defendant when counsel appeared in court on that defendant's behalf."  Dkt. #236, p.14, n.3.  Accordingly, based on the representations made by counsel for the government concerning the defendant's prior criminal record, defendant's request is denied as moot.

**Tangible Objects and Documents**

By this request the defendant seeks the disclosure of "any tangible object and document, including but not limited to arrest reports, investigator notes, memos from arresting officers, dispatch tapes, rough notes, records, reports, transcripts, videotapes and/or other documents."  Dkt. #140, p.4.  In its response, the government states that since the return of the Indictment, the government has complied and intends

to continue to comply with the requirements of Rule 16 of the Federal Rules of Criminal

Procedure.  Dkt. #236, p.13.   Specifically, the government states,

> [t]o that end, the United States has provided comprehensive
> voluntary discovery, including, but not limited to,
> defendant[']s[ ] statements, reports, photographs, recordings
> of court-authorized intercepted communications, criminal
> records of each defendant to that defendant, transcripts of
> intercepted communications, laboratory reports, and
> eyewitness identifications. As the government identifies any
> other evidence which falls within the scope of Rule 16, it will
> provide that evidence to defense counsel, thereby
> continuing to comply with its disclosure duties in Rule 16(c).
> The government has notified defendants that it may
> introduce all of this evidence at trial.

Dkt. #236, pp.13-14 (internal footnote omitted).  Accordingly, based on the

representations made by counsel for the government that the requested items have

been provided or made available to counsel for the defendant, defendant's request is

denied as moot.


With respect to that portion of defendant's request that relates to the

disclosure of rough notes, the government states,

> [t]he United States has no objection to the request that
> government agents retain notes taken during the
> investigation of this case.  As a matter of routine practice, all
> federal law enforcement agencies already do so; and the
> prosecutor will request the agents to retain their notes
> relevant to this investigation.  However, we note that
> defendant's request covers material that may not be <u>Jencks</u>
> material and may exceed the United States' obligation under
> Title 18, United States Code, Section 3500 and Fed. R.
> Crim. P. 26.2  The retention of notes of agents is not
> required as long as the notes are subsequently incorporated

> into a final report.  Moreover, even if retained, rough notes
> are not discoverable, even as <u>Jencks</u> Act material.

Dkt. #236, p.33.


Although perhaps unnecessary, based on the representations made by counsel for the government concerning its acknowledgment of its obligation and its agreement to instruct the agents to retain and preserve rough notes, the express admonition of the Court of Appeals for the Second Circuit bears repeating in addressing this particular request of the defendant wherein the Court stated:

> [W]e will look with an exceedingly jaundiced eye upon future efforts to justify non-production of a Rule 16 or Jencks Act "statement" by reference to "departmental policy" or "established practice" or anything of the like.  There simply is no longer any excuse for official ignorance regarding the mandate of the law.  Where, as here, destruction is deliberate, sanctions will normally follow, irrespective of the perpetrator's motivation, unless the government can bear the heavy burden of demonstrating that no prejudice resulted to the defendant. . . .  We emphatically second the district court's observation that any resulting costs in the form of added shelf space will be more than counterbalanced both by gains in the fairness of trials and also by the shielding of sound prosecutions from unnecessary obstacles to a conviction.

*United States v. Buffalino*, 576 F.2d 446, 449-50, (2d Cir.), *cert. denied*, 439 U.S. 928 (1978); *see also United States v. Grammatikos*, 633 F.2d 1013, 1019-20 (2d Cir. 1980); *United States v. Miranda*, 526 F.2d 1319 (2d Cir. 1975), *cert. denied*, 429 U.S. 821 (1976).  Accordingly, the government is hereby directed to maintain and preserve all materials that are known by the government to exist, that constitute potential *Jencks* material in this case.

**Tangible Items Seized from the Defendant**

Pursuant to Rule 16(a)(1)(E) of the Federal Rules of Criminal Procedure, the defendant seeks the disclosure of all evidence seized as a result of any search conducted, as well as copies of each search warrant, search warrant application, supporting affidavit and inventory return.  Dkt. #140, p.4.

As noted above, in its response, the government states that it has and continues to comply with its discovery obligations pursuant to Rule 16 of the Federal Rules of Criminal Procedure.  Indeed, the government states that it has provided "comprehensive voluntary discovery, including, but not limited to, defendant[']s[ ] statements, reports, photographs, recordings of court-authorized intercepted communications, criminal records of each defendant to that defendant, transcripts of intercepted communications, laboratory reports, and eyewitness identifications."  Dkt. #236, p.14.  Moreover, the government advises that to the extent it identifies any other evidence which falls within the scope of Rule 16, it will provide that evidence to defense counsel.  *Id*.

Based on the representations made by counsel for the government that it has and will continue to comply with its discovery obligations under Rule 16 of the Federal Rules of Criminal Procedure, defendant's request is denied as moot.

**Reports of Scientific Tests or Examinations**

Pursuant to Rule 16(a)(1)(F) of the Federal Rules of Criminal Procedure, the defendant seeks the results of any physical and/or scientific examinations, tests and/or experiments.  Dkt. #140, p.5.  In its response, the government states,

> [t]he United States will disclose all materials that are discoverable under Fed.R.Crim.P. 16(a)(1)(F), which are in the possession of the government.  The United States has laboratory reports concerning the forensic analysis of seized controlled substances and has complied with Fed.R.Crim.P. 16(a)(1)(G) and Fed.R.Evid. 702, 703, and 705.  The government timely will provide the chemists' credentials and methods of analysis, to permit evaluation and cross-examination by defendants, in the event that a defendant declines to stipulate that the controlled substances are as they have been identified during chemical analysis.

Dkt. #236, p.18.  Based on the representations made by the government that it has and will continue to comply with its disclosure obligations as set forth in the Federal Rules of Criminal Procedure and the Federal Rules of Evidence, the defendant's request is denied as moot.

**Disclosure of Experts**

The defendant seeks the disclosure of the identity, qualifications and summary of testimony of all expert witnesses the government intends to call at trial.  Dkt. #140, p.5.  In its response, the government states, "the government expects to provide disclosure of the credentials and methods used by the forensic chemists during their analyses and in support of their expert opinions.  The government reserves the right to offer the testimony of other experts, and if the government decides to use such

an expert, it will comply with Fed.R.Crim.P. Rule 16(a)(1)(G) and Fed.R.Evid. 702, 703, and 705." Dkt. #236, p.26.  Accordingly, based on the representations made by counsel for the government, defendant's request is denied as moot.


**Rule 12 - Discovery**

By these requests, the defendant seeks immediate notice from the government setting forth any evidence to which the defendant may be entitled to discover pursuant to Rule 16 and which the government intends to use at trial.  Dkt. #140, p.5.  In its response, the government states that since the return of the Indictment, the government has complied and intends to continue to comply with the requirements of Rule 16 of the Federal Rules of Criminal Procedure.  Dkt. #236, p.13. Specifically, the government states,

> [t]o that end, the United States has provided comprehensive voluntary discovery, including, but not limited to, defendants' statements, reports, photographs, recordings of court-authorized intercepted communications, criminal records of each defendant to that defendant, transcripts of intercepted communications, laboratory reports, and eyewitness identifications. As the government identifies any other evidence which falls within the scope of Rule 16, it will provide that evidence to defense counsel, thereby continuing to comply with its disclosure duties in Rule 16(c). The government has notified defendants that it may introduce all of this evidence at trial.

Dkt. #236, pp.13-14 (internal footnote omitted).  Based on the representations made by counsel for the government concerning the comprehensive voluntary discovery already provided and its continuing duty to disclose, the defendant's request is denied as moot.

**Bill of Particulars**

The defendant seeks the following information with respect to Count 1 of the Indictment: the name of each "other" co-conspirator known to the prosecution; the name of each alleged co-conspirator and/or co-defendant whose identity is currently unknown; the date when the conspiracy is alleged to have begun; the dates when each defendant joined the alleged conspiracy; the date when each defendant left the conspiracy; the exact amount which the defendant conspired to possess; the date, location and fashion by which it is claimed the defendant became a member of the conspiracy, including any meeting and/or conversation; the date, time, location and participant in each statement and/or activity which evidences the existence of the conspiracy and/or furthers the object of the conspiracy; "the date, time and location in which it is alleged that the defendant possessed and/or distributed and/or received from any other co-defendant and/or co-conspirator, indicted or unindicted, alleged during the course of this conspiracy"; describe the physical location referred to as "elsewhere." Dkt. #140, pp.6-7.

As a threshold matter, in its response the government maintains that defendant Lawson has failed to offer any specific facts, reasons or legal authority, to justify a finding that further particularization is necessary.  The government further states,

> [t]he Indictment notifies defendants that they are alleged to be involved with more than fifty (50) grams of a mixture and substance containing methamphetamine, a Schedule II controlled substance, a substance containing 3,4-methylenedioxymethamphetamine (MDMA), a Schedule I

controlled substance, and a substance containing 1-benzylpiperazine (BZP), a Schedule I controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(B) and 841(b)(1)(C).  Drug weight is a typical evidentiary matter not subject to particularization on speculation that particulars will prevent a defendant from experiencing some unfair surprise or future jeopardy.   . . . With the extensive disclosures and discovery produced by the government in this case, and the additional information that defendants will receive in advance of trial, there is no risk that they will be surprised or at risk of future jeopardy without bills of particulars as to more exact drug quantities.

Dkt. #236, pp.7-8 (internal citations omitted).

Specifically, with respect to defendant's request for a bill of particulars concerning the development of the conspiracies charged in Counts 1 and 2, the government maintains that it is not required to furnish details concerning the formation of a conspiracy, including when and how it was formed and when a particular defendant joined, because those details need not be proven at trial.  Dkt. #236, p.10.  With respect to defendant's request for detailed information relating to specific overt acts alleged in furtherance of the conspiracies charged in Counts 1 and 2, the government argues that details such as the exact time and place of the overt acts and names of persons present are not properly the subject of a bill of particulars.  *Id*. at p.11. Moreover, the government states that, "[t]he information in the Indictment, coupled with the discovery materials, which includes transcripts of defendant['s] intercepted conversations and many narrative reports of the investigation, more than adequately inform defendant[ ] of the facts essential to the pending charges."  *Id*. at p.12.  Finally, in its conclusion concerning defendant's request for a bill of particulars, the government

-11-

states, "[b]ecause defendant will be provided with full discovery, exculpatory and impeachment material, a witness list, and exhibit lists, including 3500 materials, well in advance of trial, [he] will not be surprised by the evidence against [him] or be subject to future jeopardy in a way that might otherwise justify ordering the particulars sought." *Id*. at p.13.

With respect to defendant Lawson's request for a bill of particulars revealing the identity of any co-conspirators, the government states that defendant Lawson knows the identity of his charged co-conspirators and "will learn more identities as trial preparations continue, to include disclosure of impeachment and so-called 3500 material." Dkt. #236, p.10.  The government adds, "[t]he criminal investigation is continuing, and that investigation could be compromised if we were required to identify persons who might be charged or even questioned. The government likely will not object to later requests for disclosure of the identities of unindicted co-conspirators as trial approaches, however." *Id.*

It has become axiomatic that the function of a bill of particulars is to apprise a defendant of the essential facts of the crime for which he has been charged. *United States v. Salazar,* 485 F.2d 1272, 1277-78 (2d Cir. 1973); *cert. denied*, 415 U.S. 985 (1974); *Wong Tai v. United States*, 273 U.S. 77 (1927).  The charges in the Indictment, along with the discovery materials provided by the government, clearly inform the defendant of the essential facts of the crimes charged.  As a result, the

defendant is not entitled to, nor is he in need of, the "particulars" being sought for that

purpose.  Accordingly, defendant's request for a bill of particulars is denied.

> A bill of particulars should be required only where the
> charges of the indictment are so general that they do not
> advise the defendant of the specific acts of which he is
> accused."  *United States v. Feola*, 651 F. Supp. 1068, 1132
> (S.D.N.Y. 1987), *aff'd*, 875 F.2d 857 (2d Cir.) (mem.), *cert.
> denied*, 493 U.S. 834, 110 S.Ct. 110, 107 L.Ed.2d 72
> (1989); *see also United States v. Leonelli*, 428 F. Supp. 880,
> 882 (S.D.N.Y. 1977).  "Whether to grant a bill of particulars
> rests within the sound discretion of the district court."  *United
> States v. Panza*, 750 F.2d 1141, 1148 (2d Cir. 1984) (citing
> *United States v. Burgin*, 621 F.2d 1352, 1358-59 (5th Cir.),
> *cert. denied*, 449 U.S. 1015, 101 S.Ct. 574, 66 L.Ed.2d 474
> (1980)); *see also [United States v.] Bortnovsky*, 820 F.2d
> [572] at 574 [(2d Cir. 1987)].  "Acquisition of evidentiary
> detail is not the function of the bill of particulars."  *Hemphill
> v. United States*, 392 F.2d 45, 49 (8th Cir.), *cert. denied*, 393
> U.S. 877, 89 S.Ct. 176, 21 L.Ed.2d 149 (1968).

*United States v. Torres*, 901 F.2d 205, 234 (2d Cir. 1990); *see also United States v.*

*Chen*, 378 F.3d 151, 163 (2d Cir.), *cert. denied*, 543 U.S. 994 (2004); *United States v.*

*Porter*, No. 06-1957, 2007 WL 4103679 (2d Cir. Nov. 19, 2007), *cert. denied*, 128 S.Ct.

1690 (2008).

**Rule 404(b), 608 and 609 Material**

In his requests, the defendant seeks the pretrial disclosure of any

evidence to be offered pursuant to Rule 404(b) of the Federal Rules of Evidence, as

well as the exclusion of any such proffered evidence found to be inadmissible pursuant

to Rule 403 and 404(b) of the Federal Rules of Evidence.  Dkt. #140, pp.7-8.

Moreover, the defendant requests that the government disclose the conduct, opinion

and reputation evidence as well as the criminal conviction the government intends to

use in cross-examination of witnesses Dkt. #140, p.10.  In its response, the government

states that,

> [t]he government expects to timely disclose evidence that
> might fall within the ambit of Fed.R.Evid. 404(b), 608(d) and
> 609.  The government intends to seek to introduce at trial
> evidence of this activity, as well as similar activity. ... In this
> case, defendants have not advanced any concrete reason
> for early disclosure of Rule 404(b) evidence and, therefore,
> their request should be denied, without prejudice.  The
> government will disclose evidence in its possession that
> might fall within Fed.R.Evid. 404(b), 607, 608 and 609, and
> provide notice of its intention to rely upon such evidence
> when ordered to do so by the trial court.  Specifically, at this
> time, the government is unaware of any evidence within the
> ambit of Fed.R.Evid. 609, which could be used at trial to
> impeach the credibility of defendants upon cross-
> examination.  With respect to the disclosure of evidence
> which falls within Fed.R.Evid. 608, the government notes
> that it has no obligation to provide a defendant with any
> information that could be used to impeach him pursuant to
> Rule 608, should he elect to testify.  Furthermore, the
> government preliminarily notifies defendants that it intends
> to introduce at trial, pursuant to Rule 404(b), all prior criminal
> conduct acts or wrongs to show proof of a defendant's
> motive, opportunity, intent, preparation, plan, knowledge,
> identity, and the absence of mistake or accident. ... The
> government will provide defendants with more definitive
> notice of its intent to rely on Rule 404(b) evidence when
> directed to do so by the trial judge, or during trial, if pretrial
> notice is excused for good cause.

Dkt. #236, pp.24-25.


        Rule 404(b) only requires that "the prosecution. . . provide reasonable

notice in advance of trial. . . of the *general* nature of any such evidence it intends to

introduce at trial." (Emphasis added).  Insofar as the government has indicated that it

intends to comply with any pretrial disclosure order entered by the trial judge and further, that it understands its disclosure obligations, defendant's request is denied as moot.  The Court notes that the issue of admissibility of such evidence pursuant to Rules 403 and 404(b) of the Federal Rules of Evidence is best left to the determination of the trial judge at the time of trial.

With respect to the defendant's request pursuant to Rule 608, Rule 608 does not contain the same pretrial notice as set forth in Rule 404(b).  Therefore, there is no requirement on the part of the government to make any disclosure of evidence, or its intent to use evidence at the trial pursuant to Rule 608 at this time.  Therefore, defendant's request in this regard is denied.  With respect to the defendant's request pursuant to Rule 609, based on the representations made by counsel for the government, defendant's request is denied as moot.  The government is hereby reminded that should the government learn of evidence of other crimes, wrongs and acts it intends to offer pursuant to Federal Rules of Evidence Rules 608 and 609 (impeachment material) during the trial, the government is hereby directed to provide such information consistent with its disclosure of *Jencks* material and the disclosure requirements set by the trial judge in advance of the trial.

**Brady** **Material**
**Giglio** **Material**

In his request labeled "*Brady* Material, " the defendant is seeking the disclosure of *Brady* and *Giglio* material.  Dkt. #140, pp.10-20. More specifically, the defendant seeks twenty-five categories of documents pursuant to *Brady*, *Giglio* and their progeny.  In its response the government states,

> [t]he government believes it is complying with its obligations to provide this potentially exculpatory information to defendants.  Specifically, we are aware of no evidence that a defendant was operating under duress, as a result of coercion, or under imperfect duress of coercion. . . .  As a practice, the government discloses directly exculpatory information as soon as we become aware of it, and are complying with the obligation to disclose exculpatory material to permit defendants to make effective use of the material before trial.  To the extent that additional <u>Brady</u> and impeachment material becomes known to the government, we will endeavor to disclose it sufficiently in advance of the proof for the information to be effectively useful to defendants.

Dkt. #236, pp.26-28.

"[A]s a general rule, *Brady* and its progeny do not require immediate disclosure of all exculpatory and impeachment material upon request by a defendant." *United States v. Coppa*, 267 F.3d 132, 146 (2d Cir. 2001).  The prosecution is obligated to disclose and turn over *Brady* material to the defense "in time for its effective use."  *Id.* at 144.  With respect to impeachment material that does not rise to the level of being *Brady* material, such as *Jencks* statements, the prosecution is not required to disclose and turn over such statements until after the witness has completed his/her direct

testimony.  *See* 18 U.S.C. § 3500; Fed. R. Crim. P. 26.2; *In re United States*, 834 F.2d

283 (2d Cir. 1987).  However, if the government has adopted a policy of turning such

materials over to the defendant prior to trial, the government shall comply with that

policy; or in the alternative, produce such materials in accordance with the scheduling

order to be issued by the trial judge.

        Based on the representations made by counsel for the government as to

its obligations under *Brady* and *Giglio,* the defendant's request is denied, but the

government is hereby directed to comply with the Second Circuit Court of Appeals'

holding in *United States v. Coppa*, 267 F.3d 132 (2d Cir. 2001) and *United States v.

Rodriguez*, 496 F.3d 221 (2d Cir. 2007) by making timely disclosure of those materials

to the defendant.

**Early Disclosure of *Jencks* Act Material**

        By this request, the defendant seeks the immediate disclosure of witness

statements pursuant to Title 18, United States Code, Section 3500.  Dkt. #140, p.20.  In

its response, the government states,

> [t]he United States opposes defendant['s] request for
> immediate disclosure of <u>Jencks</u> Act material, and will comply
> in this case with our practice and that of the trial court to
> disclose witness statements before trial.  That practice
> should be followed because [the] defendant[ ] [has] failed to
> make any showing of good cause for the extraordinary,
> expedited relief sought. . . . Nonetheless, the government
> agrees to provide witness statements required by Title 18,
> United States Code, Section 3500, at the time set by the trial
> court according to its usual practice.  However, the

> government reserves the right to withhold witness
> statements until a witness has completed direct testimony
> where production of that statement before trial would expose
> the witness to retaliation or endanger the witness or his/her
> family.

Dkt. #236, pp.28-29.

As noted above, with respect to impeachment material that does not rise to the level of being *Brady* material, such as *Jencks* statements, the prosecution is not required to disclose and turn over such statements until after the witness has completed his or her direct testimony.  *See* 18 U.S.C. § 3500; Fed. R. Crim. P. 26.2; *In re United States*, 834 F.2d 283 (2d Cir. 1987).  However, if the government has adopted a policy of turning such materials over to the defendant prior to trial, the government shall comply with that policy; or in the alternative, produce such materials in accordance with the scheduling order to be issued by the trial judge.

Based on the representations made by counsel for the government, that it will comply with the trial judge's pretrial order concerning the disclosure of witnesses' statements, the defendant's request is denied.  Notwithstanding the foregoing, the government is hereby directed to comply with the Second Circuit Court of Appeals' holding in *United States v. Coppa*, 267 F.3d 132 (2d Cir. 2001) and *United States v. Rodriguez*, 496 F.3d 221 (2d Cir. 2007) by making timely disclosure of those materials to the defendant.

**Search of Personnel Files of Government Agent Witnesses**

By this request, the defendant seeks an Order from this Court requiring the government to "search the personnel files and records of any government agent or police witness in this case to determine whether there exits [sic] Brady or Giglio material which must be disclosed to the defense."  Dkt. #140, pp.21-23.  In its response, the government states:

> [d]efendant[ ] seek[s] an order that the United States search the personnel files and records of any government agent or police witnesses to determine whether there exists Brady or Giglio material.  The United States is aware of its obligation to disclose potential impeachment material from the personnel files of law enforcement witnesses under the authority of Giglio v. United States, 405 U.S. 150 (1972). As the Court is aware, the Justice Department has in place certain procedures regarding the review of personnel files and the disclosure of information from the files when it may be appropriate.  We expect to comply with our obligations and have no objection to disclosing any such materials, if any should exist, to the defense in the appropriate situation, or in the alternative, submitting any such information, if any should exist, to the Court for its in camera review.

Dkt. #236, pp.39-40.  Based on the representations made by counsel for the government, with respect to its obligations to produce impeachment material, the defendant's request is denied as moot.  The Court reminds counsel for the government that *Brady*, *Giglio* and their progeny dictate that the government's obligation to disclose material favorable to the accused extends to information that impeaches the credibility of the government's witnesses regardless of the witnesses' employer.  Accordingly, counsel for the government is hereby directed to ensure that a proper request and review of the personnel files of all law enforcement witnesses, regardless of their

-19-

employer, is conducted and that all properly discoverable information is disclosed to the

defendant in a timely fashion as provided by *Brady*, *Giglio* and their progeny.


**Motion to Preserve Evidence**

In addition to his request for the preservation of rough notes, the

defendant also requests an Order from this Court directing the government to preserve

and retain intact and not to destroy, alter or misplace any evidence tangible papers,

reports, objects or other information relating in any way to this Indictment.  Dkt. #140,

p.23.  The Court once again refers to the express admonition of the Court of Appeals

for the Second Circuit concerning the preservation of Rule 16 or *Jencks* Act statements.

*United States v. Buffalino*, 576 F.2d 446, 449-50, (2d Cir.), *cert. denied*, 439 U.S. 928

(1978); *see also United States v. Grammatikos*, 633 F.2d 1013, 1019-20 (2d Cir. 1980);

*United States v. Miranda*, 526 F.2d 1319 (2d Cir. 1975), *cert. denied*, 429 U.S. 821

(1976).  Accordingly, the government is hereby directed to maintain and preserve all

materials that are known by the government to exist, that constitute potential *Jencks*

material in this case.


**Joinder**

The defendant seeks to join in any motion filed by any of his co-

defendants. Dkt. #140, p.29.  This request is granted with the further directive and

finding that the decision made by this Court as to each of the co-defendant's requests

contained in the motion in which this defendant joins shall also be deemed to be the finding and Order of this Court as to the defendant herein.

**Leave to Make Further Motions**

By this request, the defendant seeks the Court's permission to submit additional motions and/or to supplement the instant motions.  Dkt. #140, p.30.  This request is granted provided that any additional bases for relief are based on facts or information learned by reason of the continuation of the investigation or facts and circumstances revealed in the government's response to the instant motion or this Court's Decision and Order.

**Government's Request for Reciprocal Discovery**

In addition to the relief requested by the defendant, the government has made a request for reciprocal discovery.  Dkt. #236, p.94.  The government has requested that the defendant permit it to inspect and copy all books, papers, documents, photographs and other tangible objects which the defendant intends to introduce as evidence-in-chief at the trial.  In addition, the government seeks to inspect all reports of physical or mental examinations and of scientific tests or experiments, within the possession or control of the defendant along with written summaries of expert witness testimony that the defendant intends to use at trial.  Since the defendant has moved pursuant to Rule 16(a)(1) of the Federal Rules of Criminal Procedure for similar

materials and information, the government is entitled to this information pursuant to Rule 16(b)(1) and its request is granted.

Therefore, it is hereby **ORDERED** pursuant to 28 U.S.C. § 636(b)(1) that:

This Decision and Order be filed with the Clerk of Court.

**ANY OBJECTIONS** to this Decision and Order must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Decision and Order  in accordance with the above statute, Fed. R. Crim. P. 58(g)(2) and Local Rule 58.2.

The district judge will ordinarily refuse to consider *de novo*, arguments, case law and/or evidentiary material which could have been, but were not presented to the magistrate judge in the first instance.  *See, e.g., Paterson-Leitch Co., Inc. v. Massachusetts Municipal Wholesale Electric Co.*, 840 F.2d 985 (1st Cir. 1988).  **<u>Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Judge's Order</u>.**  *Thomas v. Arn*, 474 U.S. 140 (1985); *Wesolek, et al. v. Canadair Ltd., et al.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 58.2 of the Local Rules for the Western District of New York, "written objections shall specifically identify the

portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." **Failure to comply with the provisions of Rule 58.2, or with the similar provisions of Rule 58.2 (concerning objections to a Magistrate Judge's Decision and Order), may result in the District Judge's refusal to consider the objection.**


DATED:     Buffalo, New York
           July 1, 2010

                              *S/ H. Kenneth Schroeder, Jr.*
                              **H. KENNETH SCHROEDER, JR.**
                              **United States Magistrate Judge**