UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

    v.                                                **DECISION AND ORDER**
                                                      09-CR-203S

FELIX LAWSON, et al.,

                        Defendants.

1.  Presently before this Court is Defendant Felix Lawson's Motion for Severance pursuant to Rule 14(a) of the Federal Rules of Criminal Procedure. Mr. Lawson seeks a separate trial from Defendant Charles Mensah because, in his view, the introduction at a joint trial of Mr. Mensah's post-arrest statements would unfairly prejudice Mr. Lawson and violate his constitutional rights to a fair trial and confrontation guaranteed by the Sixth Amendment. For the reasons discussed below, this Court will deny Defendant Lawson's motion.

2.  On June 10, 2009,[1] a federal Grand Jury in the Western District of New York charged Defendant Lawson, along with 18 co-defendants,[2] in three counts of a 24-count indictment with various charges related to drug-trafficking. The first count charges Mr. Lawson with unlawfully conspiring to possess with intent to distribute, and to distribute, 50 grams or more of a substance containing methamphetamine, a substance containing 3,4-methylenedioxymethamphetamine (MDMA), and a substance containing 1-benzylpiperazine (BZP), in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), 841(b)(1)(C), and 846. The second count charges Mr. Lawson with unlawfully conspiring to import into

---

[1] The Indictment was filed on June 15, 2009. (Docket No. 1.)

[2] One additional co-defendant was expunged.

the United States from Canada 50 grams or more of a substance containing methamphetamine, a substance containing MDMA, and a substance containing BZP, in violation of 21 U.S.C. §§ 952(a), 960(a)(1), 960(b)(2)(H), 960(b)(3), and 963.  The third count charges Mr. Lawson with the unlawful use of a telephone to facilitate the commission of the charged drug felonies, in violation of 21 U.S.C. § 843(b).  The Government alleges that Mr. Lawson conspired with Defendant Mensah and other co-conspirators to engage in drug-trafficking between June 2007 and June 17, 2009, the date Mr. Lawson was arrested.  Defendants Lawson and Mensah deny the charges against them.

3. Defendant Lawson requests that he be severed from Charles Mensah and be permitted to proceed to trial separately so that he does not suffer unfair prejudice from an inability to cross examine Mr. Mensah about his post-arrest statements that implicate Mr. Lawson, should Mr. Mensah not testify at trial.  Mr. Lawson maintains that neither redaction nor limiting instructions to the jury would be sufficient to guarantee Mr. Lawson his right of confrontation under the Sixth Amendment if Mr. Mensah does not testify at trial. The Government opposes this request.

4. Rule 14(a) of the Federal Rules of Criminal Procedure authorizes a court to order separate trials of counts or sever the defendants' trials if joinder of offenses or defendants in an indictment appears to prejudice a defendant or the government.  FED. R. CRIM. P. 14(a).  The question of whether to grant relief under Rule 14 lies within the discretion of the trial court, and "the sound exercise of that discretion is virtually unreviewable."  United States v. Arocena, 778 F.2d 943, 949 (2d Cir. 1985).

5. A defendant moving for severance under Rule 14(a) must show "facts

demonstrating that he will be so severely prejudiced by a joint trial that it would in effect deny him a fair trial." United States v. Chang An-Lo, 851 F.2d 547, 556 (2d Cir. 1988). Moreover, even where some prejudice is shown, Rule 14(a) does not require severance—rather, the rule "leaves the tailoring of the relief to be granted, if any, to the district court's sound discretion." Zafiro v. United States, 506 U.S. 534, 538–39, 113 S. Ct. 933, 938, 122 L. Ed. 2d 317 (1993). Ultimately, a defendant who seeks separate trials under Rule 14 carries a heavy burden to establish "prejudice so substantial as to amount to a miscarriage of justice." United States v. Friedman, 854 F.2d 535, 563 (2d Cir. 1988); see also United States v. Sampson, 385 F.3d 183, 190 (2d Cir. 2004).

6.   In Bruton v. Unites States, the United States Supreme Court held that admission of a non-testifying co-defendant's statement at a joint trial which, on its face, incriminates a defendant constitutes a violation of that defendant's Sixth Amendment right to confront his accusers. 391 U.S. 123, 88 S. Ct. 1620, 20 L. Ed. 2d 476 (1968). There is no violation of Bruton, however, where the co-defendant who makes the statement implicating the defendant *testifies* at the trial and is subject to cross-examination by the defendant. See, e.g. United States v. Shareef, 190 F.3d 71, 78 (2d Cir. 1999). Further, the Supreme Court has made clear that there may be no violation of Bruton if the co-defendant's statement is redacted in a non-obvious manner so as to omit all reference to the defendant's existence. See Richardson v. Marsh, 481 U.S. 200, 211, 107 S. Ct. 1702, 1709, 95 L. Ed. 2d 176 (1987). Indeed, the Second Circuit held in United States v. Tutino that "a redacted statement in which the names of co-defendants are replaced by neutral pronouns, with no indication to the jury that the original statement contained actual names,

and where the statement standing alone does not otherwise connect co-defendants to the crimes, may be admitted without violating a co-defendant's Bruton rights." 883 F.2d 1125, 1135 (2d Cir. 1989).  The Second Circuit confirmed that this procedure was sufficient to protect a defendant's Sixth Amendment Bruton rights in United States v. Jass, where an FBI agent testified at trial regarding the redacted account of a co-defendant's post-arrest confession, and the replacement of the defendant's name with neutral pronouns and phrases "sufficiently conceal[ed] the fact of explicit identification to eliminate the overwhelming probability that a jury hearing the confession at a joint trial will not be able to follow an appropriate limiting instruction."  569 F.3d 47, 60 (2d Cir. 2009).

7.      Here, the Government has proposed redactions to the testifying agents' testimony regarding Mr. Mensah's post-arrest statements, in which Mr. Lawson's name has been replaced with a neutral pronoun or a neutral phrase, such as "another person." (Government's Response Memorandum, Docket No. 437, p. 11.)  This Court finds that such redactions of Mr. Mensah's statements will properly result in a statement that "might actually have been said by a person admitting his own culpability . . . while shielding the specific identity of his confederate."  Jass, 569 F.3d at 62.  Because this procedure will be sufficient to alleviate Mr. Lawson's Sixth Amendment concerns, this Court finds that Mr. Lawson has not demonstrated prejudice so substantial as to amount to a miscarriage of justice, despite an inability to cross examine Mr. Mensah should he not testify at trial.

8.      Indeed, multiple defendants may properly be charged together in an indictment "if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses."  FED. R. CRIM. P.

4

8(b). Here, Mr. Lawson and Mr. Mensah are properly joined as defendants under Rule 8, as both are alleged to have been involved in the same conspiracy.

9. Finally, the preference in the federal system is that defendants who are indicted together be tried together. See United States v. Ventura, 724 F.2d 305, 312 (2d Cir. 1983). This is because joint trials are efficient, "play a vital role in the criminal justice system," and "serve the interests of justice by avoiding the scandal and inequity of inconsistent verdicts." Richardson, 481 U.S. at 209–10. Mr. Lawson and Mr. Mensah were, in fact, indicted together, and, for obvious reasons, the interests of judicial economy are better served by trying this multi-defendant, drug-conspiracy case in a single trial.

10. For the foregoing reasons, this Court will deny Defendant Lawson's Motion for Severance. It is noted that this Court will entertain a request for a proper limiting instruction to the jury if agents testify about Mr. Mensah's post-arrest statement. Finally, any issues as to whether evidence is relevant and admissible will be addressed as they arise during trial.

IT HEREBY IS ORDERED, that Defendant Felix Lawson's Motion for Severance (Docket No. 422) is DENIED.

SO ORDERED.

Dated:   July 5, 2011
         Buffalo, New York

                                               /s/William M. Skretny
                                               WILLIAM M. SKRETNY
                                                    Chief Judge
                                             United States District Court